## SUPREME COURT.

### No. 2.

EPHRAIM D. BROWN, as president, &c., agt. THE MAYOR, &c., OF NEW YORK.

*New York city — work done on sewers — Chapter 220, Laws of 1871, not repealed by chapter 335 of Laws of 1873 — Repair of sewers by contract impracticable — Laws of 1875, chapter 493.*

A party is entitled to recover for labor performed and materials furnished in the repair of sewers, in the city of New York, previous to January 1, 1876, under an agreement to pay what they were reasonably worth and not under a contract fixing the price in advance of performance.

As the legislature by the act of 1875 recognized that of 1871 as still existing when the former was passed; as the city itself by its proper officers has by its practice down to January 1, 1876, declared that the latter act was still in force when the claim of the plaintiff accrued, which practice "has much of the weight of judicial decision," and as the performance of the work by contract was impracticable:

*Held,* that the act of 1871 was not repealed by chapter 335 of Laws 1873, entitled "An act to reorganize the local government of the city of New York," and that the plaintiff is entitled to recover.

General and broad words requiring work to be done by contract should sometimes, depending upon the nature and character of the service, have a restricted meaning.

Where the city has received the value of the claim in suit, a recovery should not be defeated upon the sole and only ground that its officers had misled a party performing honest labor, by causing it to be done in a manner prohibited by its charter.

*New York Circuit, March,* 1877.

ON the refusal to nonsuit the plaintiff the cause was opened for the reception of additional evidence. The facts, as they appeared, are fully set forth in the opinion.

---

Brown agt. The Mayor.

---

*John H. Strahan*, for plaintiff.

*A. J. Requier*, for defendant.

WESTBROOK, *J.* — Reference is made to the former opinion filed in this action for the reasons which induced me to open this case.

The following facts now appear: 1st. That the defendant has received the full value of the work and materials sought to be recovered in this action, and has approved and ratified the claim not only by the certificates of the proper officers but also by payments on account thereof. 2d. That chapter 220 of the Laws of 1871, under which the claim is made, was expressly repealed by chapter 493 of the Laws of 1875, which latter act expressly declared that the repeal should " take effect on the first day of January, eighteen hundred and seventy-six." 3d. That up to such date (January 1, 1876), the defendant, through its officers, has uniformly treated the act of 1871 as unrepealed, and all repairs of sewers were made thereunder. 4th. That the repair of sewers by contract is impracticable.

As the legislature by the act of 1875 recognized that of 1871 as still existing when the former was passed, as the city itself by its proper officers has, by its practice, down to January 1, 1876, declared that the latter act was still in force when the claim of the plaintiff accrued, which practice (*Easton* agt. *Pickersgill*, 55 *N. Y.*, 310, 315) " has much of the weight of judicial decision," and as the performance of the work by contract was impracticable (*People* agt. *Flagg*, 17 *N. Y.*, 584; *Peterson* agt. *The Mayor*, *id.*, 449, *and other cases cited in former opinion*), my conclusion is that the act of 1871 was not repealed by chapter 335 of Laws of 1873, entitled " An act to reorganize the local government of the city of New York," and that the plaintiff is entitled to recover.

If other official duties did not severely press, a more careful and elaborate discussion would be attempted, but this and

Brown agt. The Mayor.

the former opinion explain, generally, the reasoning which has forced the conclusion stated. It is, at least, gratifying to know that a claim admitted upon the trial to have been founded upon honest work and materials, of the actual value charged, can be sustained and upheld upon, as it seems to me, sound legal principles, and the holder thereof not turned out of court, because the officials of the city, who ought to have known what its charter required, caused the labor to be performed and materials furnished under an agreement to pay what they were reasonably worth, and not under a contract fixing the price in advance of performance. In other words, when the city has received the value of the claim in suit, it would seem to be hardly fair to defeat recovery upon the sole and only ground that its officers had misled a party performing honest labor, by causing it to be done in a manner prohibited by its charter.